Submitted September 10, reversed and remanded for entry of an order setting aside defendant's conviction for third-degree robbery October 28, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ALEXIS CARCAMO-TELLEZ,
*Defendant-Appellant.*

Washington County Circuit Court
C101455CR; A156535

361 P3d 642

Shawn A. Kollie and Short Law Group, P.C., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Erin K. Galli, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Hadlock, Judge, and Egan, Judge.

ARMSTRONG, P. J.

**ARMSTRONG, P. J.**

In September 2010, defendant was convicted of one count of third-degree robbery, ORS 164.395. In October 2013, defendant filed a motion and affidavit under ORS 137.225 to set aside his September 2010 conviction. The state objected. After a hearing, the trial court issued an order denying defendant's motion. Defendant appeals that order, arguing that the record does not contain clear and convincing evidence to support the trial court's finding that granting the motion would not be in the best interests of justice, as required by ORS 137.225(13). The state concedes that the trial court erred. We agree and, accordingly, reverse and remand for entry of an order setting aside defendant's conviction.

ORS 137.225 sets out the requirements for setting aside a criminal conviction. It provides, as relevant:

"(1)(a)   At any time after the lapse of three years from the date of pronouncement of judgment, any defendant who has fully complied with and performed the sentence of the court and whose conviction is described in subsection (5) of this section[1] by motion may apply to the court where the conviction was entered for entry of an order setting aside the conviction[.]

"* * * * *

"(3)   * * * Except as otherwise provided in subsection (13) of this section, if the court determines that the circumstances and behavior of the applicant from the date of conviction * * * to the date of the hearing on the motion warrant setting aside the conviction, * * * the court shall enter an appropriate order * * *. * * * Upon the entry of the order, the applicant for purposes of the law shall be deemed not to have been previously convicted, * * * and the court shall issue an order sealing the record of conviction and other official records in the case[.]

"* * * * *

"(13)   *Unless the court makes written findings by clear and convincing evidence that granting the motion would not*

---

[1] ORS 137.225(5)(b) provides that ORS 137.225(1)(a) applies to a conviction of a Class C felony, subject to certain exceptions not relevant here. Third-degree robbery is a Class C felony.

*be in the best interests of justice, the court shall grant the*
*motion and enter an order as provided in subsection (3) of*
*this section* if the defendant has been convicted of one of the
following crimes and is otherwise eligible for relief under
this section:

"* * * * *

"(k)  Robbery in the third degree, ORS 164.395."

ORS 137.225 (emphasis added). Thus, if defendant is other-
wise eligible under the statute to have his third-degree
robbery conviction set aside—and there is no dispute that
he is not—the trial court was required, under subsection
(13), to grant defendant's motion unless it found, in writing,
"by clear and convincing evidence that granting the motion
would not be in the best interests of justice."

At the hearing, the state did not offer any testimony
or exhibits. Rather, by way of "background," the prosecutor
told the court that there was "gang activity associated with"
the conviction that defendant sought to have set aside, and,
in June 2013, there was another incident "that also involved
gang activity," in which defendant was injured. Defense
counsel responded that, in June 2013, defendant had been
attacked by someone with a knife and had suffered serious
injury. Defense counsel acknowledged that "there was some
*allegations* of gang * * * involvement or something like that,"
but defendant was "clearly the victim." (Emphasis added.)
The court indicated that, "[a]side from [the] June incident,"
it would have granted the motion, but that that incident
"obviously now sort of throws into the mix * * * whether or
not [defendant is] still involved in gang activities and that
sort of thing." Defendant declined the court's invitation to
testify about the incident.

After the hearing, the court issued a written order
setting out its findings and denying defendant's motion.
Regarding the June 2013 incident, the court found that it
had "received information from the district attorney that
this matter was concerning for gang involvement, which
was the apparent motive for the attack," and that "[d]efen-
dant's attorney acknowledged the attack and that authori-
ties were concerned it was gang related." Thus, according to
the court, "the state produced sufficient evidence to question

whether defendant's motion to set aside his previous conviction involving gang violence was in the interests of justice" and, "[b]ecause defendant is unable, or unwilling to address the June incident as it relates to his on-going gang activity, I must find by clear and convincing evidence that granting his motion to set aside his conviction for gang-related activity is not in the best interests of justice."

The most obvious flaw in the court's order is simple: the state presented *no evidence* to support a finding that setting aside defendant's conviction would not be in the best interests of justice as required under ORS 137.225(13). Indeed, the state offered no evidence at all. "[I]nformation received from the district attorney" is not evidence. *See State v. Ordonez-Villanueva*, 138 Or App 236, 244, 908 P2d 333 (1995), *rev den*, 322 Or 644 (1996) ("[A] unilateral assertion of counsel is not evidence, because it is not a medium through which a party can present proof of a fact." (Footnote omitted.)). And, although defense counsel acknowledged that defendant had been injured in an incident in June 2013, he certainly did not stipulate to the fact that defendant was involved in gang activity. *See id.* at 244 n 8 ("Facts which are stipulated to by the parties conclusively establish facts without the need of presenting evidence[.]" (Citation omitted.)). Thus, the record is insufficient to allow the court to make the finding that it did—that there was evidence that granting defendant's motion would not be in the best interests of justice. Accordingly, the court was required to grant defendant's motion. ORS 137.225(13) (unless such finding is made, court "shall" grant defendant's motion if defendant is otherwise eligible to have conviction set aside under statute).

Reversed and remanded for entry of an order setting aside defendant's conviction for third-degree robbery.